UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 290 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Anthony P. Wilson, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Reconsider Motion for Compassionate Release (Doc. 1030). For the following reasons, the motion is DENIED.

### Facts

In 2007, defendant entered a plea of guilty for his participation in a conspiracy to purchase and sell cocaine base (Count One) and possession of a firearm in furtherance of the drug trafficking crime (Count Six). He was sentenced to a term of incarceration of 180 months as to Count One and to a mandatory 60 months as to Count Six, to run consecutively, for a total of 240 months. Upon his release, defendant was to be placed on supervised release for a term of 8

1

years as to Count One and 5 years as to Count Six to run concurrently.

At the time of sentencing, the Court noted that defendant's base offense level of 28 was due to the quantity of crack cocaine involved. Two levels were added in that the activity involved a protected location.  The Court also noted that defendant was previously convicted of two crimes of violence, increasing his offense level to 34. After deduction for acceptance of responsibility his total offense level became 31. Wilson was a career offender with a criminal history category of VI.  The advisory guidelines range for Count One was 188 to 235 months, and as to Count Six there was a mandatory minimum of 60 months to life. In accordance with the plea agreement, defendant was sentenced 180 months on Count One and 60 months on Count Six, for a total of 240 months.  (Doc. 637). Defendant's sentence was later reduced, pursuant to the First Step Act, to a total of 200 months.

After exhausting his administrative remedies with the Bureau of Prisons (BOP), defendant seeks reconsideration of this Court's previous denial of his request for compassionate release.

**Standard of Review**

The authority of this Court to re-sentence the defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 858 (6th Cir. 2001)).  18 U.S.C. § 3582(c)(1)(A) provides that courts may "reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant [release]," or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Bureau of Prisons (BOP) could move a district court under § 3582(c)(1)(A) for the compassionate release of a federal prisoner. On December 21, 2018, the First Step Act (FSA) amended the statute to allow prisoners to directly petition courts for compassionate release after exhausting administrative appeals with the BOP.

There are three components to a compassionate release merits analysis: (1) whether extraordinary and compelling reasons warrant a reduction in sentence, as described by the United States Sentencing Commission; (2) whether the § 3553(a) factors—"to the extent that they are applicable"—render the reduction inappropriate; and (3) whether defendant would be a danger to the public.

The applicable policy statement issued by the United States Sentencing Commission, § 1B1.13 of the U.S.S.G., explains that extraordinary and compelling reasons may exist where the defendant is "suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to self-care within the environment of a correctional facility and from which he or she is not expected to recover." Additionally, application notes state, "Other Reasons.- As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivisions (A) through (C)."

While this section refers to a BOP determination, the Sentencing Commission's policy statement was not amended after the enactment of the FSA. Consequently, "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release … because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 2020 WL 1029024, at *3 (S.D. Cal.

Mar. 3, 2020) (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 447, 499 (S.D. Iowa 2019) (collecting district court cases)). Given this lack of applicable guidance, courts have held that they are not constrained by prior Commission policy statements as to what constitutes extraordinary and compelling reasons for a sentence reduction. *See United States v. Rodriguez*, 2020 WL 1627331, at *4 (E.D. Pa. April. 1, 2020) (noting that "a majority of district courts have concluded that the old policy statement provides helpful guidance, [but] … does not constrain [a court's] independent assessment of whether extraordinary and compelling reasons warrant a sentence reduction under § 3582(c)(1)(A)") (quotation marks and citations omitted); *United States v. Young*, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) ("In short, federal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

> In fact, this Court has previously stated,
>
> A growing list of federal courts have concluded that the public health crisis presented by the COVID-19 pandemic in conjunction with a defendant's pre-existing health condition establishes an extraordinary and compelling reason for compassionate release. *See, for e.g.,United States v. Muniz*, 2020 WL 1540325 (S.D.Tex. March 30, 2020), *United States v.Campagna*, 2020 WL 1989829 (S.D.N.Y. March 27, 2020).

*United States v. Gary McClellan*, No. 19 CR 268 (N.D.Ohio June 3, 2020).

**Discussion**

Defendant, who is now 38 years old, maintains that his asthma, for which he uses an inhaler, places him at risk of serious illness from COVID-19. He also asserts that if he were sentenced today, his guidelines range would be significantly lower (i.e., 70-87 months plus the mandatory 60 months for a total of 130-147 months) due to the fact that one of his felonious assault convictions would no longer qualify as a career offender predicate as *United States v.*

4

*Burris,* 912 F.3d 386 (6th Cir. 2019), has concluded that Ohio Revised Code § 2903.11(A)(1), felonious assault, is not a crime of violence. Consequently, he has already served more time than the high end of today's guideline range.  He also points out that his last prison disciplinary action was eight years ago, and his inmate security level is low.  Finally, he states that he has a "safe place to reside and a plan for his release."

### (1) extraordinary and compelling reasons

While moderate to severe asthma is considered by the CDC as a factor that *may* increase a person's risk of serious illness from COVID-19, it is not one of the conditions identified at this time to cause an increased risk of severe illness from the virus that causes COVID-19. https://www.*cdc. gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.*  Additionally, the Court has not found that defendant has demonstrated that his asthma is an extraordinary and compelling reason in his particular case to warrant release.

With regard to the difference in the guidelines range from the time defendant was sentenced and today, this Court has previously recognized that a discrepancy in sentencing range, in combination with other factors, could constitute an extraordinary and compelling circumstance to warrant a reduction in sentence.  *McClellan, supra.* However, as discussed below, defendant has not demonstrated that he would not be a danger to the community if released. Thus, although the Court is sympathetic to defendant's position regarding the sentencing guideline range, it does not find it to be an extraordinary and compelling reason here.

### (2) danger to community

Defendant fails to demonstrate that he would not be a danger to the community.  This Court finds that the nature of his conviction (set forth above) as well as his criminal history

5

weigh against finding in defendant's favor in this regard.  At the time of sentencing, defendant was 25 years of age and already had three felonious assaults, a domestic violence offense, an aggravated assault, and possession of drugs. Additionally, although defendant has a low security level in his prison and his last disciplinary action was 2012, the Court is concerned with the serious nature of the offenses indicated in his disciplinary record and defendant has not provided any explanatory details. The Court cannot find that defendant would not be a danger to the community.

### **Conclusion**

For these reasons, the Court does not find that extraordinary and compelling reasons exist or that defendant has demonstrated that he is not a danger to the community.  Notably, moreover, while defendant asserts that he has a "plan for his release," no evidence is provided for a placement plan.  Therefore, given the totality of the factors, defendant's request for compassionate release is denied. However, because the Court is sympathetic to defendant's argument regarding the sentencing guidelines, the Court strongly encourages the BOP to place the defendant in home confinement immediately upon eligibility.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/20/20